UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| FRANKLIN SANDOVAL NELSON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, ROBERTS COUNTY STATES ATTORNEY, and JUDGE MARSHALL LOVRIEN, Circuit Judge of 5th Judicial Circuit Court,<br><br>Respondents. | 1:26-CV-01021-CBK<br><br>ORDER |

Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244 arising out of his pretrial detention in the Roberts County Detention Center in Sisseton, South Dakota. He demands discovery in his pending state court criminal case and release on a personal recognizance bond. Alternatively, he requests removal of his state court criminal case to federal court.

He has filed a motion to amend his petition as arising under 28 U.S.C. § 2241, objecting to the Clerk of Court's entry of the case as arising under 28 U.S.C. § 2254, habeas proceedings involving a person in state court custody. He further filed a motion for injunctive relief concerning his detention in his pending state court criminal case.

I take judicial notice of the records of the South Dakota Unified Judicial System available on the eCourts database, https://ecourts.sd.gov. Those records show that petitioner was charged by criminal complaint on September 1, 2026, with having committed rape and kidnapping on August 27, 2026, in Roberts County, South Dakota, 54CRI26-000414. Counsel was appointed and an initial appearance was held on September 1, 2026. An indictment was entered on September 11, 2026, charging rape and kidnapping. Petitioner contends that he has been denied bond in that case.

Pursuant to 28 U.S.C. § 2243, when a petition for a writ of habeas corpus is filed, the "judge entertaining an application . . . shall forthwith award the writ, or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the application or person detained is not entitled thereto*." (Emphasis supplied.) Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows this Court to apply Rule 4 of those rules to a section 2241 action. Pursuant to Rule 4, and consistent with § 2243, the Judge assigned to a petition must examine the petition and any attachments to determine whether it plainly appears that petitioner is not entitled to relief. If the petition is not dismissed on that basis, the Court must order the respondent to file an answer.

I have conducted an initial consideration of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

It has long been the rule that federal courts should abstain from interfering in ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971).

> In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the United States Supreme Court directed "federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.

Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (*quoting* Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir.1996)).

The state court record shows that the Younger requirements are met here. There are ongoing judicial proceedings concerning petitioner's felony rape and kidnapping charges. Criminal proceedings implicate important state interests. The records of the South Dakota Judicial System show that petitioner is represented by counsel and can adequately raise any federal constitutional issues concerning his prosecution and detention in the state proceedings. Younger abstention is appropriate here.

Removal of state court criminal actions to federal court is authorized under 28 U.S.C. § 1442(a). Section 1442(a) "is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." Mesa v. California, 489 U.S. 121, 136, 109 S. Ct. 959, 968, 103 L. Ed. 2d 99 (1989).

> [U]nder our federal system, it goes without saying that preventing and dealing with crime is much more the business of the States than it is of the Federal Government. Because the regulation of crime is pre-eminently a matter for the States, we have identified a strong judicial policy against federal interference with state criminal proceedings.

Mesa v. California, 489 U.S. at 138, 109 S. Ct. at 969 (*quoting* Arizona v. Manypenny, 451 U.S. 232, 243, 101 S.Ct. 1657, 1665, 68 L.Ed.2d 58 (1981)).

Removal of state court criminal proceedings under § 1442(a) is authorized when:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties;
>
> (4) Any officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House.

A person seeking removal of a state court criminal action must sufficiently allege a basis for federal jurisdiction by demonstrating that he is a person within the meaning of § 1442(a). Plaintiff has failed to do so. He has not alleged that he is a federal officer who is being prosecuted in state court for an action committed under color of his office or in the performance of his duties.

I find that plaintiff has failed to allege facts authorizing the removal of the pending criminal proceedings pending against him in state court.

Now, therefore,

IT IS ORDERED that the petition for a writ of habeas corpus is denied and all pending motions are denied as moot.

DATED this 28th day of October, 2026.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge